UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GWENDOLYN BROWN | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1199 |
| JULIE M. TALAVERA | * | SECTION "E" (2) |

**ORDER AND REASONS**

Before me is Plaintiff Gwendolyn Brown's Motion to Appoint Counsel. ECF No. 11. Plaintiff seeks appointment of counsel in this case alleging race and color discrimination for which she has been granted *in forma pauperis* status. ECF Nos. 1, 3. Plaintiff's motion simply states that she seeks counsel and will cooperate and provide all necessary information. ECF No. 11.

I.  **BACKGROUND**

Plaintiff filed suit alleging that she was terminated based on race and color, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. ECF No. 1.

II. **APPLICABLE LAW**

Title VII provides for the appointment of an attorney upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). Courts consider: (1) the merits of the claims of discrimination; (2) the efforts taken by plaintiff to obtain counsel; and (3) plaintiff's financial ability to retain counsel.[1] The evaluation of the merits of the claim is most important, considering the unfairness of imposing service upon a member of the bar particularly when there is little chance of success,[2] though no one factor is conclusive. Determinations by the EEOC are

---

[1] *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977); *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984)).
[2] *Buesgens v. Snow*, 169 F. App'x 869, 871 (5th Cir. 2006).

1

"highly probative" of the merits of a plaintiff's case and properly considered when assessing a request to appoint counsel.[3] These factors are suggestive, not exclusive.[4]

Appointment of counsel is also available under the *in forma pauperis* statute. 28 U.S.C. § 1915(e)(1). This statute requires "exceptional circumstances" considering (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case;[5] (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[6] Section 1915(e)(1)'s "exceptional circumstances" standard does not apply to Title VII cases that are not filed *in forma pauperis*.

The appointment of counsel in a civil case is a privilege, not a constitutional right.[7] Thus, while these statutes authorize appointment of counsel, a litigant generally has no ***right*** to a court-appointed attorney in a civil case.[8] The decision whether to appoint counsel rests within the sound discretion of the trial court,[9] and the court may not appoint counsel as a matter of course or ordinary practice.[10] The court should consider whether appointment would be a service to the court and all parties in the case by "sharpening the issues . . . . , shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."[11] *See also* May 1, 2024, Resolution of

---

[3] *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013) (citing *Gonzalez*, 907 F.2d at 580).
[4] *White v. United States Pipe & Foundry Co.,* 646 F.2d. 203, 205 (5th Cir. 1981) (citation omitted).
[5] *Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412 (5th Cir. 2006) (citing *Buesgens,* 169 F. App'x. at 870–71).
[6] *Norton v. DiMazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001); *see also Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).
[7] *Paskauskiene*, 527 F. App'x at 333 (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)); *see also Ulmer*, 691 F.2d at 212; *Naranjo v. Thompson*, 809 F.3d 793, 801–02 (5th Cir. 2015).
[8] *See FTC v. Assail, Inc.,* 410 F.3d 256, 267 (5th Cir. 2005) (constitutional right to counsel does not apply to civil *pro se* litigants); *Gonzalez*, 907 F.2d at 579 (no automatic right to appointment of counsel in Title VII case) (citing *Caston*, 556 F.2d at 1309).
[9] *Gonzales*, 907 F.2d at 579 (citing *Caston*, 556 F.2d at 1308).
[10] *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citation omitted); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001); *Becken*, 256 F.3d at 353–54.
[11] *Ulmer*, 691 F.2d at 213.

the En Banc Court of the Eastern District of Louisiana concerning appointment of counsel from this Court's Civil Pro Bono Panel.

### III. ANALYSIS

This Court previously granted Plaintiff *in forma pauperis* status, and thus, she has sufficiently established the financial inability to retain counsel. ECF No. 3. The claims asserted in this case, however, include a provision for the award of attorneys' fees, which is relevant to the analysis. While some courts deny a request for appointment of counsel when a plaintiff has the ability to engage counsel,[12] other courts recognize that even a plaintiff with a meritorious claim, capable of paying an attorney, may sometimes be unable to secure representation.[13]

Further, before counsel may be appointed under Title VII, a claimant must make a reasonably diligent effort to secure counsel without the court's assistance. A reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement.[14] Plaintiff's motion fails to set forth what efforts, if any, she has undertaken to obtain counsel on her own behalf.

Moreover, at this point, Plaintiff's claims do not appear particularly complex. Whether the evidence will consist of conflicting testimony is undetermined at this stage.

### IV. CONCLUSION

Given the potential availability of a fee award and Plaintiff's failure to identify any efforts to obtain counsel, Plaintiff has not provided sufficient information to enable this Court to exercise

---

[12] *See Poindexter v. F.B.I.*, 737 F.2d 1173, 1186 (5th Cir. 1984).
[13] *See Petete v. Consolidated Freightways*, 313 F. Supp. 1271, 1272 (N.D. Tex. 1970) (recognizing the reluctance of attorneys "to undertake the specific and complex challenges of a Title VII lawsuit which are not common to more frequently litigated areas of the law").
[14] *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999); *see also Smith v. Baton Rouge Radiology Grp.*, No. 12-400, 2013 WL 3246142, at *2 (M.D. La. June 24, 2013) (plaintiff failed to make diligent effort to obtain counsel where she contacted several attorneys, but failed to "state whether or not she had inquired about the possibility of a contingency fee agreement with any attorney").

its discretion to compel unwilling counsel to represent her or even whether there is a sufficient basis to seek a volunteer attorney from the EDLA's Civil *Pro Bono* Panel.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Appoint Counsel (ECF No. 11) is DENIED WITHOUT PREJUDICE as stated herein.

New Orleans, Louisiana, this 19th day of September, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE