UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GWENDOLYN BROWN | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1199  DIV. (2) |
| JULIE M. TALAVERA | * | MAG. JUDGE CURRAULT |

**ORDER AND REASONS**

Before me is a Motion to Dismiss for Failure to State a Claim filed by Defendant Julie M. Talavera.  ECF No. 9.  The motion was scheduled for submission on October 8, 2025.  As of this date, Plaintiff has failed to file an Opposition Memorandum, the deadline for which expired on Tuesday, September 30, 2025.  *See* E.D. La. L.R. 7.5.  No party requested oral argument, and the Court agrees that oral argument is unnecessary.

This matter was referred for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties.  ECF No. 13.  Considering the record, the submissions, and the applicable law, Talavera's motion to dismiss is GRANTED, with leave to amend within 21 days, for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff Gwendolyn Brown filed a form Complaint for Employment Discrimination on June 11, 2025, checking the boxes asserting that her termination from employment was based on her race and color.  ECF No. 1 ¶ III(A), (D), at 4.  Plaintiff names as a defendant Dr. Julie M. Talavera.  *Id.* ¶ I(B), at 2.  Plaintiff left blank ¶ III(E), which is the space provided to specify the factual basis for the claim.  *Id.* at 4-5.  Plaintiff attached the EEOC determination and notice of rights letter dated March 12, 2025, but not her charge of discrimination.  ECF No. 1-1.

1

## II. THE MOTION TO DISMISS

Defendant Talavera moves to dismiss the Complaint on the basis that Plaintiff has failed to state a claim because she sets forth no factual allegations whatsoever to state a Title VII discrimination claim, arguing that simply checking the boxes is insufficient. ECF No. 9-1 at 1-2. Defendant argues that Plaintiff does not satisfy Rule 8's requirement of a short and plain statement of the factual basis for the claim because she failed to identify a factual basis for her claim, the dates of the alleged discrimination, and any alleged damages. *Id.* a 2-4.

Defendant also asserts that she is not a Title VII employer. Rather, she is simply an officer of Plaintiff's former employer, Diabetes & Metabolism Associates, APMC. As such, she cannot be liable under Title VII. *Id.* at 5-6. Finally, Defendant asserts that Plaintiff's suit is time-barred for failure to file within 90 days of the EEOC's issuance of the right to sue letter. *Id.* at 6-7.

## III. LAW AND ANALYSIS

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1] Moreover, when the unopposed motion is a motion to dismiss with prejudice, the court should not grant the motion solely because it is unopposed, without considering the merits of the arguments or less severe options.[2]

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[3] Rather, it tests

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).
[2] *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (vacating dismissal because the court should have considered sanction other than dismissal with prejudice for failure to observe a filing deadline).
[3] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[4] When a plaintiff is proceeding *pro se*, the pleading must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."[5]

Rule 12(d) requires the court to treat a Rule 12(b)(6) motion as a Rule 56 motion when matters outside of the pleadings are presented and not excluded by a court. The Court may, however, consider documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice in the Rule 12 analysis without converting the motion to a Rule 56 motion.[6] In addition, the court may consider any documents attached to either the motion to dismiss or an opposition to that motion when the documents are referenced in the pleadings and are central to a plaintiff's claims.[7]

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual content to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[8] Thus, it is not enough to allege facts consistent with a claim because the allegations must

---

[4] *Id.*
[5] *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (internal quotation and citations omitted).
[6] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice (citation omitted)).
[7] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citations omitted); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008) (considering exhibits attached to an opposition because "[n]o party questions the authenticity of these two documents and both were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss"); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727 (5th Cir. 2019).
[8] *Twombly*, 550 U.S. at 555, 570 (citation omitted).

move past possibility and to plausibility of "entitle[ment] to relief."[9]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[10]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[11]

The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]  The complaint must include enough factual matter to raise a right to relief above the speculative level[13] and provide a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[14]

Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[15]  "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[16]  When a complaint does not set forth any facts, direct or circumstantial, that would suggest Defendant's actions were based on race or color or that

---

[9] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[10] *Iqbal,* 556 U.S. at 678 (citation omitted).
[11] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[12] *Iqbal*, 556 U.S. at 678 (citations omitted).
[13] *Twombly*, 550 U.S. at 555.
[14] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 559-60).
[15] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations and internal quotation marks omitted)).
[16] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (citation omitted).

Defendant treated similarly situated employees of other races or colors more favorably, the plaintiff has "failed to raise [her] right to relief above the speculative level," and Rule 12(b)(6) dismissal for failure to state a claim is proper.[17]  Likewise, if the failure to exhaust administrative remedies is established by the pleadings and the other properly considered documents, then dismissal under Rule 12(b)(6) is appropriate.[18]

In the Title VII context, Plaintiff need not, however, allege each fact necessary to establish a prima facie case under *McDonnell Douglas v. Green*[19] to survive a motion to dismiss.[20] Although the Supreme Court rendered *Swierkiewicz v. Sorema N.A.* before it clarified the pleading standard in *Twombly* and *Iqbal*, *Swierkiewicz*'s primary holding—that a plaintiff need not establish a prima facie case under *McDonnell Douglas* at the pleading stage—is still good law.[21] Interpreting *Swierkiewicz* post-*Twombly* and *Iqbal*, the Fifth Circuit has held that a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."[22]  To plead a disparate-treatment claim under Title VII, a plaintiff must allege facts plausibly showing (1) an adverse employment action (2) taken against him because of her protected status,[23] and those facts—either direct or circumstantial—must suggest defendant's

---

[17] *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)).
[18] *See Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572, 572 (5th Cir. 2013) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003))); *see also Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("[A] claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.").
[19] 411 U.S. 792 (1973).
[20] *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *see also Raj*, 714 F.3d at 331 (citing *Swierkiewicz,* 534 U.S. at 510–12).
[21] *See Twombly*, 550 U.S. at 555.
[22] *Chhim v. Univ. of Tex. at Aus.*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) (emphasis added) (citing *Raj*, 714 F.3d at 331).
[23] *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502 (5th Cir. 2023) (en banc) (citing cases); *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (citations omitted).

actions were based on her protected status or that defendant treated similarly situated employees outside of her protected class more favorably.[24]

Plaintiff's complaint, liberally construed, contains only her conclusory assertion that she was terminated based on her race or color. She sets forth absolutely no factual allegations from which the Court may draw the reasonable inference that her termination was based on race or color. As such, she has failed to state a claim as necessary to defeat Defendant's motion to dismiss.

**B. Title VII Claims**

The purpose of Title VII is to protect employees from an employer's unlawful actions with respect to compensation, terms, conditions, or privileges of employment based on a protected characteristic.[25] As Title VII protects only "the interests of those in employment relationships,"[26] a plaintiff cannot bring a Title VII claim against a non-employer.[27] Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). In this case, Plaintiff fails to identify her employer. Although she names Talavera as a defendant, she does not allege that Talavera employed her or how Talavera satisfies Title VII's statutory definition of "employer."

Two steps are required to determine whether a defendant is a Title VII employer: (1) the defendant must fall within the statutory definition and (2) there must be an employment relationship between the plaintiff and the defendant.[28] While Title VII's statutory definition of

---

[24] *Raj*, 714 F.3d at 331; *see also Chhim*, 836 F.3d at 470 (citation omitted); *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014).
[25] 42 U.S.C. § 2000e-2(a)(1); *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011).
[26] *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020) (citation omitted)
[27] *Foley v. Univ. of Hou. Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) (stating "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee" (citing 42 U.S.C. § 2000e(b)'s definition of employer)).
[28] *Deal v. State Farm Cnty. Mut. Ins. Co.,* 5 F.3d 117, 118 n.2 (5th Cir. 1993) (citations omitted).

employer includes "any agent" of an employer, the Fifth Circuit has held that this language does not impose individual liability on agents.[29] Rather, in *Grant v. Lone Star Co.*, the Fifth Circuit held that Congress's purpose in extending the definition of employer to include agents was simply to incorporate *respondeat superior* liability into Title VII such that a Title VII suit against an employee is actually a suit against the corporation.[30] Individuals simply cannot be held liable under Title VII in either their individual or official capacities.[31]

Assuming Plaintiff had alleged sufficient facts to survive a Rule 12(b)(6) motion, to the extent that she fails to allege that Talavera is her former employer (rather than simply an officer of her former employer), Plaintiff cannot state a plausible Title VII claim against Talavera. Fifth Circuit law is clear that individuals who serve as officers or employees of an employer are not Title VII *employers* as necessary to be named as Title VII defendant.[32]

C. <u>Administrative Exhaustion</u>

A plaintiff alleging discrimination claims under Title VII must exhaust administrative remedies before filing suit.[33] The filing of a timely EEOC charge is a statutory prerequisite to suit

---

[29] *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir. 1999) (internal citations omitted).
[30] 21 F.3d 649, 653 (5th Cir. 1994); *see also Indest*, 164 F.3d at 262 (citations omitted).
[31] *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (stating "there is no individual liability for employees under Title VII"); *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith*, 298 F.3d at 448-49); *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) (citation omitted); *Foley*, 355 F.3d at 340 n.8 ("Unlike § 1981, however, relief under Title VII is available only against an employer, not an individual supervisor or fellow employee.")
[32] *See Provensal v. Gaspard*, 524 F. App'x 974, 976 (5th Cir. 2013) (characterizing employment claim against individual supervisor as "frivolous"); *see also Minshew v. Brown*, No. 95-2507, 1996 WL 3916 (E.D. La. Jan. 4, 1996) (Fallon, J.); *Ackel*, 339 F.3d at 381 n.1; *Smith*, 298 F.3d at 448-49 (citations omitted); *Indest*, 164 F.3d at 262. Whether Plaintiff could assert a § 1981 claim against Defendant is unclear. *See Stelly v. Louisiana ex rel. Dep't of Pub. Safety & Corr., Off. of State Police*, No. 23-772, 2023 WL 5672037, at *3 (E.D. La. Sept. 1, 2023) (granting leave to amend to assert § 1981 claim after citing cases suggesting availability of same against individual defendants alleged to have discriminated against the plaintiff); *Ricks v. Friends of WWOZ, Inc.,* No. 18-9767, 2019 WL 3858950, at *5-6 (E.D. La. Aug. 15, 2019) (discussing the unsettled nature of § 1981 claims alleging race discrimination in the employment context against individuals).
[33] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *see also Jones v. City of Hou.*, 756 F. App'x 341, 348 (5th Cir. 2018) (per curiam) (citing 42 U.S.C. § 2000e-5(f)(1)).

under Title VII.[34] In a deferral state, such as Louisiana, a plaintiff has 300 days from the discriminatory act to file the charge with the EEOC.[35] Any claim filed later than 300 days after the discriminatory act is time barred.[36] Thus, the failure to file a charge of unlawful discrimination within the applicable time period bars a plaintiff from proceeding with a civil action.[37]

In the context of disparate treatment claims, each discrete adverse employment action constitutes a separate actionable unlawful employment practice, and each act starts a new clock for filing charges alleging that act.[38] Thus, the limitations period runs from each alleged discriminatory act. In contrast, hostile work environment claims are subject to the continuing violation doctrine under which, "[a]s long as 'an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.'"[39] But "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."[40]

Plaintiff's Complaint fails to identify the date of the alleged discrimination, the date she filed her EEOC charge, or the date she received the EEOC's determination and notice of rights letter. Based on the date of the determination letter and filing, Plaintiff's complaint would appear

---

[34] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).
[35] *Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) (citations omitted) ("[W]hen a claimant submits an EEOC charge and, pursuant to a work-sharing agreement, the EEOC accepts it on behalf of a deferral state, the claimant is deemed to have initially instituted proceedings with the state agency and the 300–day period is triggered."); *see also Time Limits for Filing a Charge*, U.S. EQUAL EMP. OPPORTUNITY COMM'N, https://www.eeoc.gov/time-limits-filing-charge (last visited Oct. 10, 2025).
[36] 42 U.S.C. § 2000e-5(e)(1); *Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 555–56 (5th Cir. 1987); *Taylor*, 296 F.3d at 378–79; *see also Jones*, 756 F. App'x at 348.
[37] *See, e.g.*, *Jay v. Int'l Salt Co.*, 868 F.2d 179, 180 n.1 (5th Cir. 1989); *Cook v. Lee Coll.*, 798 F. Supp. 417, 420-21 (S.D. Tex. 1992).
[38] *Smith v. AT&T Mobility Servs., LLC*, No. 21-20366, 2022 WL 1551838, at *2 (5th Cir. May 17, 2022) (quoting *Morgan*, 536 U.S. at 114, 102).
[39] *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737 (5th Cir. 2017) (quoting *Morgan*, 536 U.S. at 117), *revised* (Mar. 13, 2017). The "separate acts" must be related for the "single violation" to encompass the earlier acts. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328-29 (5th Cir. 2009) (finding that timely 2006 acts were sufficiently related to 2003-04 acts to constitute a single practice where "the pre–and post-limitations period incidents involved the same type of harassment and were perpetrated by the same manager").
[40] *Morgan*, 536 U.S. at 113.

untimely and subject to dismissal under Rule 12(b)(6) as time-barred, absent allegations of some factual basis for tolling.[41] As filed, Plaintiff has failed to set forth sufficient facts as necessary to establish that she administratively exhausted her Title VII claim and timely filed same.

### D. **Availability of Amendment**

"The court should freely give leave [to amend a pleading] when justice so requires."[42] Generally, before dismissing a *pro se* complaint under Rule 12(b)(6), unless amendment would be futile, the court should give the plaintiff notice of the complaint's deficiencies and an opportunity to amend.[43] As the Supreme Court stated:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[44]

Unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[45] When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[46]

---

[41] *See Alcoa, Inc.*, 339 F.3d at 366; *Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430, 434 (S.D. Tex. 2016).
[42] FED. R. CIV. P. 15(a)(2); *see F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . . leave to amend a pleading").
[43] *Meeks v. DeBouse*, No. 24-10431, 2024 WL 4457846, at *1 (5th Cir. Oct. 10, 2024) (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted).
[44] *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989) (emphasis added), *superseded by statute on other grounds as stated in Irizarry v. Sec'y, Fla. Dep't. of Corr.,* No. 21-10591, 2021 WL 3231163, at *1 n.1 (11th Cir. July 22, 2021).
[45] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (internal quotation marks and citation omitted))).
[46] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

Plaintiff has not previously amended her complaint, and the Court has no basis to determine that she is unwilling or unable to amend. Nor is it clear that amendment would be futile. The Court thus grants Plaintiff leave to file an amended complaint within 21 days, if she chooses to do so, to set forth any facts that she has to sufficiently allege an a claim for discrimination against a proper defendant.[47] Failure to file an Amended Complaint that properly sets forth the necessary facts to support each required element of a discrimination claim against a proper defendant within that time will result in dismissal of her claims.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Julie Talavera's Motion to Dismiss (ECF No. 9) is GRANTED with leave to file an amended complaint within 21 days of entry of this order.

Dated this __10th__ day of October, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[47] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006). Plaintiff is reminded of Federal Rule 8(a)(2)'s requirement that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Conclusory allegations or lengthy factual assertions that do not provide any basis for relief are counterproductive.