UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GWENDOLYN BROWN | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1199  DIV. (2) |
| JULIE M. TALAVERA | * | MAG. JUDGE CURRAULT |

**ORDER AND REASONS**

Before me is a Motion to Dismiss for Failure to State a Claim filed by Defendant Julie M. Talavera. ECF No. 26. The motion was scheduled for submission on February 18, 2026. As of this date, Plaintiff has failed to file an Opposition Memorandum, the deadline for which expired on Tuesday, February 10, 2026. *See* E.D. La. L.R. 7.5. No party requested oral argument, and the Court agrees that oral argument is unnecessary.

This matter was referred for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. ECF No. 13. Considering the record, the submissions, and the applicable law, Defendant Julie M. Talavera's Motion to Dismiss is GRANTED for the reasons stated herein.

**I.     BACKGROUND**

Plaintiff Gwendolyn Brown filed a form Complaint for Employment Discrimination on June 11, 2025, checking the boxes asserting that her termination from employment was based on her race and color. ECF No. 1 ¶ III(A), (D), at 4. Plaintiff named as a defendant Dr. Julie M. Talavera. *Id.* ¶ I(B), at 2. Plaintiff left blank ¶ III(E), which is the space provided to specify the factual basis for the claim. *Id.* at 4-5. Plaintiff attached the EEOC determination and notice of rights letter dated March 12, 2025, but not her charge of discrimination. ECF No. 1-1.

This Court granted Defendant Talavera's motion to dismiss for failure to state a claim on the basis that Talavera was not Plaintiff's employer, but granted Plaintiff leave to amend. ECF

No. 15.  When Plaintiff failed to amend within the specified deadline, the Court dismissed her case but re-opened it on Plaintiff's motion to allow her another opportunity to name her employer.  ECF Nos. 16, 19, 21.  Plaintiff thereafter filed the Amended Complaint at issue adding her former employer, Diabetes & Metabolism Associates, APMC, as a defendant.  ECF No. 24.  Defendant Talavera filed a new motion to dismiss because the Amended Complaint is unclear whether Plaintiff sought to substitute Diabetes & Metabolism Associates or pursue claims against both that entity and Talavera.  ECF No. 26; No. 26-1 at 1.[1]  Talavera again argues that Plaintiff cannot state a Title VII claim against her because she is not Plaintiff's employer.  ECF No. 26-1 at 5-6.

## II. LAW AND ANALYSIS

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[2]  Moreover, when the unopposed motion is a motion to dismiss with prejudice, the court should not grant the motion solely because it is unopposed, without considering the merits of the arguments or less severe options.[3]

For the same reasons previously explained, Plaintiff fails to state a Title VII claim against Talavera.  Title VII establishes a cause of action against an "employer," which is as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."  42 U.S.C. § 2000e(b).  Title VII protects "the interests of those in

---

[1] Although Summons has been issued as to Diabetes & Metabolism Associates (ECF No. 25), the record does not reflect a return of service.  Plaintiffs generally have 90 days within which to serve a complaint upon a defendant. FED. R. CIV. P. 4(m).
[2] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).
[3] *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (vacating dismissal because the court should have considered sanction other than dismissal with prejudice for failure to observe a filing deadline).

employment relationships,"[4] and thus, a plaintiff cannot bring a Title VII claim against a non-employer.[5]

Two steps are required to determine whether a defendant is a Title VII employer: (1) the defendant must fall within the statutory definition and (2) there must be an employment relationship between the plaintiff and the defendant.[6] While Title VII's statutory definition of employer includes "any agent" of an employer, the Fifth Circuit has held that this language does not impose individual liability on agents.[7] Rather, in *Grant v. Lone Star Co.*, the Fifth Circuit held that Congress's purpose in extending the definition of employer to include agents was simply to incorporate *respondeat superior* liability into Title VII such that a Title VII suit against an employee is actually a suit against the corporation.[8] Fifth Circuit law is clear that individuals who serve as officers or employees of an employer are not Title VII ***employers*** as necessary to be named as Title VII defendant.[9] Individuals simply cannot be held liable under Title VII in either their individual or official capacities.[10]

---

[4] *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020) (citation omitted)
[5] *Foley v. Univ. of Hou. Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) (stating "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee" (citing 42 U.S.C. § 2000e(b)'s definition of employer)).
[6] *Deal v. State Farm Cnty. Mut. Ins. Co.,* 5 F.3d 117, 118 n.2 (5th Cir. 1993) (citations omitted).
[7] *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir. 1999) (internal citations omitted).
[8] 21 F.3d 649, 653 (5th Cir. 1994); *see also Indest*, 164 F.3d at 262 (citations omitted).
[9] *See Provensal v. Gaspard*, 524 F. App'x 974, 976 (5th Cir. 2013) (characterizing employment claim against individual supervisor as "frivolous"); *see also Minshew v. Brown*, No. 95-2507, 1996 WL 3916 (E.D. La. Jan. 4, 1996) (Fallon, J.); *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003); *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002) (citations omitted); *Indest*, 164 F.3d at 262. Whether Plaintiff could assert a § 1981 claim against Defendant is unclear. *See Stelly v. Louisiana ex rel. Dep't of Pub. Safety & Corr., Off. of State Police*, No. 23-772, 2023 WL 5672037, at *3 (E.D. La. Sept. 1, 2023) (granting leave to amend to assert § 1981 claim after citing cases suggesting availability of same against individual defendants alleged to have discriminated against the plaintiff); *Ricks v. Friends of WWOZ, Inc.,* No. 18-9767, 2019 WL 3858950, at *5-6 (E.D. La. Aug. 15, 2019) (discussing the unsettled nature of § 1981 claims alleging race discrimination in the employment context against individuals).
[10] *Smith*, 298 F.3d at 448 (stating "there is no individual liability for employees under Title VII"); *Ackel*, 339 F.3d at 381 n.1 (citing *Smith*, 298 F.3d at 448-49); *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) (citation omitted); *Foley*, 355 F.3d at 340 n.8 ("Unlike § 1981, however, relief under Title VII is available only against an employer, not an individual supervisor or fellow employee.").

For these reasons, Plaintiff cannot state a plausible Title VII claim against Talavera. Because leave to amend would be futile, Plaintiff's claims against Talavera are dismissed with prejudice and without leave to amend. Plaintiff's claims against her former employer, Diabetes & Metabolism Associates, APMC, remain pending to proceed after that entity is properly served with summons and the complaint.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Julie Talavera's Motion to Dismiss (ECF No. 26) is GRANTED and Plaintiff's claims against Talavera are dismissed with prejudice and without leave to amend.

New Orleans, Louisiana, this ___19th___ day of February, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE