UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GWENDOLYN BROWN | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1199  DIV. (2) |
| JULIE M. TALAVERA, ET AL. | * | MAG. JUDGE CURRAULT |

**<u>ORDER AND REASONS</u>**

Before me is a Motion to Dismiss for Failure to State a Claim filed by Defendant Diabetes & Metabolism Associates, APMC.  ECF No. 32.  The motion was scheduled for submission on April 22, 2026.  As of this date, Plaintiff has failed to file an Opposition Memorandum, the deadline for which expired on Tuesday, April 14, 2026.  *See* E.D. La. L.R. 7.5.  No party requested oral argument, and the Court agrees that oral argument is unnecessary.

This matter was referred for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties.  ECF Nos. 13, 33.  Considering the record, the submissions, and the applicable law, Defendant Diabetes & Metabolism Associates' Motion to Dismiss is GRANTED, but with leave to amend, for the reasons stated herein.

**I.    <u>BACKGROUND</u>**

Plaintiff Gwendolyn Brown filed a form Complaint for Employment Discrimination on June 11, 2025, checking the boxes asserting that her termination from employment was based on her race and color.  ECF No. 1 ¶ III(A), (D), at 4.  Plaintiff named as a defendant Dr. Julie M. Talavera.  *Id.* ¶ I(B), at 2.  Plaintiff left blank ¶ III(E), which is the space provided to specify the factual basis for the claim.  *Id.* at 4-5.  Plaintiff attached the EEOC determination and notice of rights letter dated March 12, 2025, but not her charge of discrimination.  ECF No. 1-1.

This Court granted Talavera's motion to dismiss for failure to state a claim on the basis that she was not Plaintiff's employer, but granted Plaintiff leave to amend.  ECF No. 15.  When

1

Plaintiff failed to amend within the specified deadline, the Court dismissed her case but later re-opened it on Plaintiff's motion to allow her another opportunity to name her employer. ECF Nos. 16, 17, 19, 21, 23. Plaintiff thereafter filed the Amended Complaint at issue adding her former employer, Diabetes & Metabolism Associates, APMC, as a defendant. ECF No. 24. The Court granted Talavera's second motion to dismiss as to the Amended Complaint for the same reasons previously stated. ECF Nos. 26, 28.

Defendant Diabetes & Metabolism Associates now moves to dismiss Plaintiff's claims. ECF No. 32. Defendant articulates three reasons for dismissal: (1) Plaintiff fails to allege facts necessary to state a prima facie case (ECF No. 32-1 at 6-9); (2) Plaintiff fails to allege that Defendant satisfies the statutory definition of employer, and it does not employ 15 or more employees, as required by Title VII and the Louisiana anti-discrimination laws (*id.* at 9-10); and (3) Plaintiff's complaint is untimely (*id.* at 10-11). Defendant requests that the case be dismissed with prejudice and without leave to amend because Plaintiff has been provided numerous opportunities for amendment. *Id.* at 11-12.

## II.    APPLICABLE LAW

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1] Moreover, when the unopposed motion is a motion to dismiss with prejudice, the court should not grant the motion solely because it is unopposed, without considering the merits of the arguments or less severe options.[2]

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).
[2] *See Webb v. Morella*, 457 F. App'x 448, 452 & n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (vacating dismissal because the court should have considered sanction other than dismissal with prejudice for failure to observe a filing deadline).

### A. <u>Rule 12(b)(6) Standard</u>

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."  "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[3]  Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[4]  If the failure to exhaust administrative remedies is established by the pleadings and the other properly considered documents, then dismissal under Rule 12(b)(6) is appropriate.[5]

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level")[6] and provide a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[7]  Thus, it is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[8]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[9]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit

---

[3] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[4] *Id.*
[5] *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572 (5th Cir. 2013) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.") (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)); *see also Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("[A] claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.").
[6] *Twombly*, 550 U.S. at 555, 570 (citation omitted).
[7] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 545).
[8] *Twombly*, 550 U.S. at 557–58; *Iqbal,* 556 U.S. at 678.
[9] *Iqbal,* 556 U.S. at 678 (citation omitted).

the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[10]

The complaint need not contain detailed factual allegations, but it must offer more than unadorned accusation devoid of factual support, labels, legal conclusions, or formulaic recitations of the elements of a cause of action as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11]  Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[12]  "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[13]

In addressing Rule 12 in the discrimination context, the Supreme Court has held that a plaintiff need not plead facts sufficient to establish a prima facie case under the *McDonnell Douglas*[14] framework to survive a motion to dismiss.[15]  Although the Court rendered *Swierkiewicz* before it clarified the pleading standard in *Twombly* and *Iqbal*, *Swierkiewicz*'s primary holding— that a plaintiff need not establish a prima facie case under *McDonnell Douglas* at the pleading stage—is still good law.[16]  Interpreting *Swierkiewicz* post-*Twombly* and *Iqbal*, the Fifth Circuit has held that a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate

---

[10] *Id.* at 679 (citation modified) (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[11] *Iqbal*, 556 U.S. at 678 (citations omitted).

[12] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [ ] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations and internal quotation marks omitted)).

[13] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (citation omitted).

[14] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[15] *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *see also Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz,* 534 U.S. at 510–12).

[16] *See Twombly*, 550 U.S. at 569-70.

treatment claim to make his case plausible."[17]  The ultimate question in a Title VII discrimination case is "whether a defendant took the adverse employment action against a plaintiff because of her protected status."[18]  Thus, a plaintiff must allege facts—either direct or circumstantial—plausibly showing an adverse employment action taken against her because of her protected status or that defendant treated similarly situated employees outside of her protected class more favorably.[19]

### B.  Title VII/LEDL's Numerosity Requirement

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's race.[20]  The term "employer" is specifically defined in both Title VII and the LEDL.  Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees."[21]  Like Title VII, the LEDL applies "only to an employer who employs more than fifteen employees within [Louisiana] for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."[22]

The Supreme Court has explained that Title VII's "15-or-more-employees" requirement is the threshold number of employees for application of Title VII; thus, it is an element of a plaintiff's

---

[17] *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) (citing *Raj*, 714 F.3d at 331); *accord. Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019)).

[18] *Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 286 (5th Cir. 2016) (quoting *Raj*, 714 F.3d at 331 (quoting *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004))).

[19] *Raj*, 714 F.3d at 331; *see also Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502 (5th Cir. 2023) (en banc) (citing cases); *Cicalese*, 924 F.3d at 767 (citations omitted);; *see also Chhim*, 836 F.3d at 470 (citation omitted); *Stone v. La. Dep't of Revenue*, 590 F. App'x. 332, 339 (5th Cir. 2014).

[20] 42 U.S.C. § 2000e-2(a)(1).

[21] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (quoting 42 U.S.C. § 2000e(b)).

[22] LA. REV. STAT. § 23:302(2); *see also Lowrey v. Pettit*, 737 So. 2d 213, 216 (La. App. 2 Cir. 1999).  Because the Louisiana employment discrimination provisions are similar to Title VII, Louisiana courts construe the Louisiana provisions consistently with federal courts' interpretation of Title VII.  *King v. Phelps Dunbar, L.L.P.*, 743 So. 2d 181, 187 (La. 1999); *In re Asbestos Plaintiffs v. Borden, Inc.*, 826 So. 2d 581, 589 (La. App. 4 Cir. 2002).

claim for relief.[23]  As the numerosity requirement is an essential element of a discrimination claim, allegations regarding same relate to the substantive adequacy of the claim.[24]

### C. **Administrative Exhaustion**

A plaintiff alleging discrimination under Title VII must exhaust administrative remedies before filing suit.[25]  The filing of a timely EEOC charge is a statutory prerequisite to suit under Title VII.[26]  In a deferral state, such as Louisiana, a plaintiff has 300 days from the discriminatory act to file the charge with the EEOC.[27]  Any claim filed later than 300 days after the discriminatory act is time barred.[28]  Thus, the failure to file a charge of unlawful discrimination within the applicable time period bars a plaintiff from proceeding with a civil action.[29]

In addition, a plaintiff must file suit within 90 days of receipt of the EEOC's determination notice.[30]  The 90-day limitation period is strictly construed, and it begins to run on the date plaintiff receives the EEOC right-to-sue letter.[31]  When the date on which a right-to-sue letter was actually received is either unknown or disputed, presumption of receipt within three to seven days of mailing is appropriate.[32]  Although some courts have imputed notice to the plaintiff based on the

---

[23] *Arbaugh*, 546 U.S. at 516.

[24] *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021) (quoting *Arbaugh*, 546 U.S. at 504).

[25] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *see also Jones v. City of Houston*, 756 F. App'x 341, 348 (5th Cir. 2018) (citing 42 U.S.C. § 2000e-5(f)(1)) (per curiam).

[26] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

[27] *Conner v. La. Dep't of Health and Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) ("[W]hen a claimant submits an EEOC charge and, pursuant to a work-sharing agreement, the EEOC accepts it on behalf of a deferral state, the claimant is deemed to have initially instituted proceedings with the state agency and the 300–day period is triggered." (citations omitted)); *see also Time Limits for Filing a Charge*, U.S. EQUAL EMP. OPP. COMM'N, https://www.eeoc.gov/time-limits-filing-charge (last visited Apr. 22, 2026).

[28] *See Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 555–56 (5th Cir. 1987); *Taylor*, 296 F.3d at 378–79; *see also Jones*, 756 F. App'x at 348.

[29] *See, e.g.*, *Jay v. Int'l Salt Co.*, 868 F.2d 179, 180 n.1 (5th Cir. 1989); *Cook v. Lee Coll.*, 798 F. Supp. 417, 420-21 (S.D. Tex. 1992).

[30] § 2000e-5(f)(1).

[31] *Harrison v. Mayorkas*, No. 21-161, 2022 WL 2237135, at *2 (E.D. La. June 21, 2022) (Roby, M.J.) (citations omitted).

[32] *Stewart v. Smitty's Supply, Inc.*, No. 18-10058, 2020 WL 433362, at *2 (E.D. La. Jan. 28, 2020) (Vance, J.) (citing *Taylor*, 296 F.3d at 379-80).

date the EEOC emailed the notice of rights,[33] the Fifth Circuit avoided the issue but applied the 3-day rule when the EEOC both emailed notice and later mailed a copy to an untimely filing.[34]

### D. Leave to Amend

"The court should freely give leave [to amend a pleading] when justice so requires."[35] Generally, before dismissing a *pro se* complaint under Rule 12(b)(6), unless amendment would be futile, the court should give the plaintiff notice of the complaint's deficiencies and an opportunity to amend.[36]  As the Supreme Court stated:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.  These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[37]

Unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure

---

[33] *Woods v. Delta Air Lines, Inc.*, No. 24-1759, 2025 WL 966922, at *5 (N.D. Tex. Feb. 27, 2025) (citing cases finding 90-day clock starts on date of email necessary to preclude a plaintiff from indefinitely extending the 90-day period by refusing to open the email), *R.&R. adopted*, 2025 WL 963371 (N.D. Tex. Mar. 31, 2025), *aff'd*, No. 25-10505, 2025 WL 2986375 (5th Cir. Oct. 23, 2025); *see also Harrison*, 2022 WL 2237135, at *2-3 (holding that 90-day limitation period began to run from receipt of EEOC email, even when the email was not read on that date); *Boyd v. Monroe City Hall*, No. 20-1473, 2021 WL 1305385, at *4 (W.D. La. Mar. 8, 2021) (holding that EEOC email of determination notice triggered 90 day period, even when email was deposited in plaintiff's spam folder), *R.&R. adopted*, 2021 WL 1299204 (W.D. La. Apr. 7, 2021); *Sloan v. Mem'l Hosp. at Gulfport*, No. 21-86, 2021 WL 2666858, at *3 (S.D. Miss. June 29, 2021) (refusing to reconsider dismissal where plaintiff alleged date of receipt of EEOC Notice).

[34] *Woods v. Delta Air Lines, Inc.*, No. 25-10505, 2025 WL 2986375, at *2 (5th Cir. Oct. 23, 2025).

[35] FED. R. CIV. P. 15(a)(2); *see F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . . leave to amend a pleading").

[36] *Meeks v. DeBouse*, No. 24-10431, 2024 WL 4457846, at *1 (5th Cir. Oct. 10, 2024) (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted).

[37] *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989), *superseded by statute on other grounds as stated in Irizarry v. Sec'y, Fla. Dep't. of Corr.,* No. 21-10591, 2021 WL 3231163, at *1 n.1 (11th Cir. July 22, 2021).

pleading deficiencies before dismissing.[38]  When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[39]

## III.   <u>ANALYSIS</u>

While Plaintiff alleges that Defendant was her employer, the Amended Complaint fails to include any allegation regarding the number of employees employed by Defendant during the relevant period.  Thus, Plaintiff has failed to allege that Defendant qualifies as an "employer," as defined by Title VII and the LEDL.  Accordingly, Plaintiff has failed to state a claim for relief under Title VII or the LEDL because those provisions apply only to an "employer" as defined therein.  Having found that Plaintiff has failed to state a claim due to the absence of any allegations regarding the number of employees employed by Defendant, the Court need not address whether Plaintiff's allegations survive Rule 12(b)(6)[40] or she filed a timely complaint.[41]

Although Plaintiff has previously amended the complaint she initially filed against Talavera, Plaintiff has not yet had the opportunity to amend her Amended Complaint asserting her claims against Defendant Diabetes & Metabolism Associates.  At this point, the Court has no basis to determine that she is unwilling or unable to amend.  And while Defendant asserts that an

---

[38] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (internal quotation marks and citation omitted))).

[39] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

[40] While no model of clarity, Plaintiff's filings allege that her supervisor (Talavera) treated others with respect but singled her out and ostracized her because of her race, imposed a greater workload on her than her peers, and retaliated against her after raising the issues through internal channels.  ECF No. 24 at 2, 3, 5.  However, contrary to Defendant's assertion, the complaint is not subject to dismissal for failure to establish a prima facie case.  *See Swierkiewicz*, 534 U.S. at 511 ("This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *see also Raj*, 714 F.3d at 331 (citing *Swierkiewicz*, 534 U.S. at 510–12).

[41] The EEOC issued the right to sue on March 12, 2025, and Plaintiff filed suit on June 11, 2025.  ECF Nos. 1, 1-1. Her filing was 91 days after the EEOC issued the notice of rights, but there are no allegations as to what time of day the EEOC emailed the notice or when Plaintiff received it.

amendment would be futile because it does not employ the requisite number of employees to qualify as an "employer" under either Title VII or the LEDL, Defendant has failed to attach admissible evidence as to that fact, which the Court could not consider without converting the motion to dismiss into a summary judgment. If Plaintiff can, consistent with her obligations under Rule 11, allege that Defendant Diabetes & Metabolism Associates employed the requisite number of employees as necessary to state a claim, Plaintiff will be granted 14 days within which to do so. Failure to file an Amended Complaint providing sufficient factual allegations necessary to establish this essential element will result in dismissal of her claims.

## IV.    <u>CONCLUSION</u>

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Diabetes & Metabolism Associates' Motion to Dismiss (ECF No. 32) is GRANTED as stated herein; Plaintiff may file an amended complaint within 14 days, if she is able to do so consistent with Rule 11.

New Orleans, Louisiana, this ___22nd___ day of April, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE